November 9, 1908.

————o————

No. 4524.

(Court of Appeal, Parish of Orleans.)

BROWDER BROS. ET AL. VS. CEDAR POINT ROLLER MILLS.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "A."

Clegg & Quintero, for Plaintiff and Appellant.

Denegre & Blair, for Defendant and Appellee.

DUFOUR, J. The plaintiff took out a writ of attach.ent against the non-resident defendant and made the German American Bank garnishee.

To the usual interrogatories, the Bank answered in the negative and concluded with the following statement:

"And for further answer to said interrogatories, garnishee says that cn December the 21st, it collected from plaintiff herein, for account of the Traders' Bank of Kansas City, Mo., a draft drawn by the Cedar Point Roller Mills on Browder Bros. for $977.72, to which were attached certain bills of lading.

"The proceeds of said draft, less cost of collection, are in garnishee's hands, but it does not know whether or not the Cedar Point Roller Mills has any interest therein, garnishee claims that it is its right and duty to transmit the same to the Traders' Bank of Kansas City."

Whereupon plaintiffs took a rule to traverse and, on the trial thereof, produced the testimony of the cashier of the Traders' Bank, to the following effect:

"The draft drawn by the Cedar Point Roller Mills, dated November 14th, 1907, to the order of the Farmers' State Bank, of Cedar Point, Kansas, on Browder Bros., of New Orleans, was sent to us by the Farmers' State Bank, Cedar Point Kansas, in their regular cash letter, owing to the fact that the draft was payable on arrival and, the date of its payment being uncertain, we were compelled to enter it for collection and the said draft was forwarded to the German American Bank of New Orleans The above mentioned draft was not purchased but forwarded for collection for the use of the Farmers' State Bank of Cedar Point, Kansas. We do not know the Cedar Point Roller Mills in any way in the transaction so far as this bank is concerned."

This is the only evidence offered by the mover and it does not in any manner show that the money attached belongs to the defendant.

The plaintiffs do not appear to have deemed it advisable to

obtain the testimony of the representatives of the Cedar Point Bank (Farmers') or the Cedar Point Mills Company.

There being nothing to show ownership in the Mill Company, the plaintiff's case falls and we may not prevent the transmission of the fund by the German American Bank to the bank which forwarded the draft to it for collection.

The lower Court dismissed the rule to traverse.

Judgment affirmed.